1  NOAH G. BLECHMAN (State Bar No. 197167)
   noah.blechman@mcnamaralaw.com
2  RANDOLPH S. HOM (State Bar No. 152833)
   Randolph.hom@mcnamaralaw.com
3  McNamara, Ney, Beatty, Slattery,
   Borges & Ambacher LLP
4  3480 Buskirk Avenue, Suite 250
   Pleasant Hill, CA 94523
5  Telephone: (925) 939-5330
   Facsimile: (925) 939-0203
6
   Attorneys for Defendants
7  CITY OF CONCORD; CHRISTOPHER BLAKELY; and
   ISIDRO LLANOS
8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10

11

12  ANTHONY BREEN, an individual,          Case No. C19-05622-SK

13              Plaintiff,                  **[PROPOSED] ORDER GRANTING
                                            DEFENDANT'S MOTION TO DISMISS
14        vs.                               PORTIONS OF PLAINTIFF'S
                                            COMPLAINT**
15  CITY OF CONCORD, a municipal
    corporation; CHRISTOPHER BLAKELY        Date:  December 9, 2019
16  in his individual and official capacity as a   Time:  9:30 a.m.
    police officer for the Concord Police   Dept:  Ctrm. C – 15th Flr. (San Francisco)
17  Department; ISIDRO LLANOS, in his       Judge: Magistrate Judge Sallie Kim
    individual and official capacity as a police
18  officer for the Concord Police Department;
    and DOES 1-50, inclusive
19

20        The CITY OF CONCORD, CHRISTOPHER BLAKELY, and ISIDRO LLANOS'

21  (collectively, "Defendants") Motion to Dismiss ("Motion") the Plaintiff's Third Cause of Action

22  ("COA") for municipal liability under *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690

23  (1978) came before this Court. Good cause having been shown and after full consideration of the

24  moving papers and supporting documents, the opposing papers and supporting documents, and

25  after full consideration of all oral arguments made, this Court GRANTS Defendant's Motion,

26  dismissing Plaintiff's Third COA without leave to amend.

27                    **I. LEGAL STANDARD**

28        A complaint must contain "a short and plain statement of the claim showing the pleader is

entitled to relief." FRCP 8(a)(2). However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and may dismiss the case or a claim "where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010),citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions unsupported by factual allegations," as is the case here with Plaintiff's Complaint. *Cannon v. City of Petaluma,* No. C 11-0651 PJH, 2012 U.S. Dist. LEXIS 49121, at *48 (N.D. Cal. 2012), citing *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *Iqbal*, 129 S.Ct. at 1949-50 (emphasis added).

Leave to amend should be denied if amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)(citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## II. **DISCUSSION**

Defendant moves to dismiss Plaintiff's Third COA for *Monell* liability, claiming Plaintiff's conclusory allegations fail to state plausible claims for relief. The Court agrees.

Plaintiff's *Monell* claim(s) based on a failure to train and unconstitutional custom, practice and/or policy theories, fails for numerous reasons, including that it is predicated solely on the single, isolated, constitutional violation he alleges he suffered. Moreover, Plaintiff has failed to allege specific facts pointing to "a pattern of similar constitutional violations by untrained employees," as the settlements and other alleged incidents listed do not show CITY has been found to be liable regarding situations similar to that at issue here, for violations similar to those being alleged in this case. As such, Plaintiff has failed to allege or illustrate how CITY would have been on notice that its failure to train, or unconstitutional practice or custom, was the moving force behind the constitutional violations, amounting to an unconstitutional policy or practice. *Board of the County*

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

*Comm'rs v. Brown*, 520 U.S. 397, 409 (1997). In addition, Plaintiff has not alleged specific factual allegations illustrating any of the essential elements to establish *Monell* liability on either theory, and has not alleged how the County was the moving force behind his alleged injuries. Plaintiff's failure to plead such facts is fatal to these claims.

Likewise, Plaintiff's *Monell* claim based on a ratification theory also fails for the same reasons. Here, Plaintiff has not specifically identified a final policymaker who allegedly ratified any subordinates action, which is fatal to this claim. *Wolniak v. Cty. of Sacramento*, No. 2:17-cv-01286 KJM AC, 2017 U.S. Dist. LEXIS 211211, at *8 (E.D. Cal. 2017). Plaintiff has failed to allege specific factual allegations regarding any of the other essential elements required to allege *Monell* ratification. In particular, Plaintiff failed to allege how the unidentified policymaker knew of the alleged constitutional violation(s), and failed to allege that the CITY took some affirmative action actually approving the constitutional violations (failure to discipline is not a basis). *Lytle v. Carl*, 382 F.3d 978, 987 (9th Cir. 2004). Moreover, Plaintiff did not allege any specific facts regarding how a post-conduct ratification here caused his constitutional deprivation. *Wolniak*, 2017 U.S. Dist. LEXIS 211211, at *13, citing *Jones v. Cty. of Sacramento*, No. Civ. 2:09-1025 WBS DAD, 2010 U.S. Dist. LEXIS 72795 at *7 (E.D. Cal. 2010). This Court cannot consider the Plaintiff's conclusory threadbare recitals of buzzword elements. *Cannon v. City of Petaluma,* No. C 11-0651 PJH, 2012 U.S. Dist. LEXIS 49121, at *4 (N.D. Cal. 2012).

Since Plaintiff would have plead more specific factual allegations regarding these claims if such specific facts existed, the Court further finds that amendment of Plaintiff's Complaint is futile.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT** Defendants' Motion to Dismiss Portions of Plaintiff's Complaint is GRANTED and Plaintiff's Third COA for *Monell* liability is dismissed, without leave to amend.

**IT IS SO ORDERED.**

Dated: _____

_____
Hon. Sallie Kim
U.S. District Court Magistrate Judge